IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONTASIR HOSSAIN, <br>     Plaintiff | § § § | |
| vs. | § § | |
| THE BOEING COMPANY, <br>     Defendant | § § § | CIVIL ACTION NO. 3:23-cv-2494 |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MONTASIR HOSSAIN, Plaintiff in the above styled cause who files this, his Original Complaint complaining of Defendant THE BOEING COMPANY and, in support thereof, would show as follows:

### I.
### Jurisdiction

1. Jurisdiction in this court arises under 28 U.S.C. 1331 due to the fact that the cause of action asserted by Plaintiff herein constitutes a federal question. This court has pendent jurisdiction over all state claims presented herein under 28 U.S.C. §1367.

### II.
### PARTIES

2. Plaintiff is a citizen of the United States, and resident of Dallas County, Texas.

3. Defendant, THE BOEING COMPANY, is a private corporation with headquarters in Chicago, Illinois, but that is authorized to conduct business in the State of Texas. Service on this Defendant may be had by personal service upon its registered agent of service Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff timely filed a charge of discrimination with the EEOC complaining of THE BOEING COMPANY.

5. Plaintiff received a right to sue letter from the EEOC and files this lawsuit within the 90-day period provided by statute.

## IV.
## VENUE

6. Venue is appropriate in the Dallas Division of the Northern District of Texas because the Plaintiff reported to work every day in Dallas County, Texas and this is the county where the discrimination occurred.

## V.
## FACTS

7. On January 7, 2022, the Defendant hired Plaintiff into the position of Supply Chain Specialist at the 2750 Regent Blvd., Dallas, Texas location.

8. Due to his Muslim faith, Plaintiff had mandatory prayer time at a nearby mosque, which he would use his lunch hour to conduct. Regardless of the lack of interference with his work schedule, his supervisor, Mark Montilla, went out of his way to criticize Plaintiff's prayer practices. In addition, Montilla would either prevent Plaintiff outright from going to mosque or would schedule work appointments or duties during his lunch hour so as to make it impossible for the Plaintiff to attend mosque.

9. In December 2022, Plaintiff advised the Defendant that he was having surgery and, due to the complications flowing from this surgery, would require for medical reasons to be off of work for a maximum of five weeks; the specific dates to potentially be off of work were January 30, 2023 to March 3, 2023.

10.     After filling out the necessary paperwork, including medical documentation of the need for surgery and time off work, the Defendant approved the Plaintiff for Family Medical Leave under the Family Medical Leave Act (FMLA) from January 30, 2023 through March 3, 2023.

11.     Plaintiff returned from FMLA leave on March 6, 2023.

12.     On March 14, 2023, Montilla fired the Plaintiff. Montilla did not state a reason for termination and did not provide the Plaintiff a termination letter. The only thing Montilla said to the Plaintiff was that he decided to fire him while he was on FMLA leave.

13.     Any reasons the Defendant now offers for termination would be a mere pretext for FMLA discrimination. The Plaintiff recalls being required to sign a document in October of 2022, handed to him by Montilla, wherein he was only provided the signature page and told by Montilla that the paperwork in question was a mere formality and that he was not required to read it.  Other than this one document, Plaintiff does not recall any meetings, emails, write ups, performance reviews or other critiques of his employment throughout the entire tenure of his employment.  As far as his communications with the Defendant, Plaintiff had no reason to believe he was going to be fired or even subject to discipline at any point during his FMLA leave or thereafter, including March 6, 2023.

## VI.
## CAUSES OF ACTION

14.     The above conduct constitutes harassment based on religion under Title VII of the 1964 Civil Rights Act, codified at 42 U.S.C.A. Sec. 2000e-2(a)(1). Plaintiff belongs to a protected class ("Muslim faith"), he was subjected to unwelcome harassment, based on his religion, that affected a term, condition or privilege of employment ("hostile work environment"), and the Defendant knew or should have known of the harassment yet failed to take prompt remedial action.

15. The above conduct constitutes retaliation for the Plaintiff exercising his rights under the Family and Medical Leave Act of 1993 ("FMLA"), codified at 29 U.S.C.A. Sec. 2601. Plaintiff was on approved FMLA leave, was treated less favorably than employees who had not requested leave under the FMLA and was fired for taking approved FMLA leave.

## VII.
## DAMAGES

16. Plaintiff prays for emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

17. Plaintiff prays for lost wages in the past including lost benefits and lost retirement contributions.

18. Plaintiff prays for front pay damages for the period of time in the future where he is not gainfully employed with a comparable job.

19. Plaintiff prays for attorney fees for prosecuting this action.

20. Plaintiff prays for costs of court and expert fees.

21. Plaintiff would further show that the Defendant's intentional conduct toward the Plaintiff was designed to harm the Plaintiff maliciously and, thus, Plaintiff requests exemplary damages in an amount exceeding the courts jurisdictional limits.

22. Plaintiff prays for prejudgment interest and post judgment interest at the highest legal rate.

## VIII.
## REQUEST FOR JURY TRIAL

23. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## IX.
## PRAYER

24.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial of this cause that the Court grant Judgment against Defendant and award him damages for mental anguish and physical pain in the past, mental anguish in the future, lost wages in the past and future, exemplary damages, attorney fees, expert witness fees, costs of court, pre-judgment and post judgment interest.

Respectfully Submitted,

/s/ Wes Dauphinot
Wes Dauphinot
Law Office of Wes Dauphinot, P.C.
900 West Abram
Arlington, Texas 76013
(817) 462-0676
(817) 460-9355 facsimile
State Bar No. 00793584

ATTORNEY FOR PLAINTIFF