# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MONTASIR HOSSAIN § | |
| § | |
| v. § | CIVIL ACTION NO. 3:23-CV-2494-S |
| § | |
| THE BOEING COMPANY § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant The Boeing Company's Motion to Seal or Redact Portions of Its Appendix ("Motion to Seal") [ECF No. 45]. In the Motion to Seal, Defendant requests leave to file pages 69 and 113 of the Appendix of Exhibits to Brief in Support of Defendant's Motion for Summary Judgment ("Appendix") [ECF No. 43-1] under seal. In the alternative, Defendant requests that two lines on pages 69 and 113 of the Appendix be redacted. Having reviewed the Motion to Seal and the applicable law, the Court **GRANTS** the Motion to the extent that the Court grants Defendant's alternative request to redact the relevant pages.

### I. BACKGROUND

Plaintiff Montasir Hossain brought a claim for hostile work environment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and a claim for retaliation under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. Pl.'s Original Compl. [ECF No. 1] ¶¶ 14-15. Defendant moved for summary judgment on Plaintiff's claims. Def.'s Mot. for Summ. J. ("Motion for Summary Judgment") [ECF No. 42]. In support of its Motion for Summary Judgment, Defendant filed Defendant's Motion for Summary Judgment and Brief in Support ("Summary Judgment Brief") [ECF No. 43] and the Appendix. Defendant requested leave to file the entire Summary Judgment Brief and Appendix under seal. Def.'s Unopposed Mot. for Leave to Seal Its Summ. J. Br. and Portions of Its App. ("Initial Motion to Seal") [ECF No. 41].

The Court denied the Initial Motion to Seal for failing to comply with Fifth Circuit law. Order [ECF No. 44] (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021), and *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022)). Defendant then filed the Motion to Seal.

## II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs.*, 22 F.4th at 519-20. In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419 (internal quotation marks and citations omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

## III. ANALYSIS

Defendant seeks to seal pages 69 and 113 of its Appendix or, in the alternative, redact two lines on those pages. Mot. 1-3. Pages 69 and 113 are duplicates of each other and are the first page of Plaintiff's Performance Improvement Plan ("PIP"). App. 69-71, 113-15. The PIP includes various targeted goals for Plaintiff ranked by priority, including on its first page a goal to "[e]nsure [an aircraft parts] fill rate of at least [a certain percent]." *Id*. And it is this aircraft parts fill rate percentage that Defendant seeks to protect from disclosure. Mot. 2.

Defendant provides multiple arguments in favor of nondisclosure. Defendant first argues that the fill rate percentage is subject to a non-disclosure agreement between Defendant and the Indian Navy and that disclosure of the fill rate percentage would violate that agreement. *Id*. Moreover, disclosing the fill rate percentage would damage Defendant's business relationship with the Indian Navy and potentially hinder business relationships with other prospective military customers. *Id*. Lastly, Defendant argues that the fill rate is not material to the issues in its Summary Judgment Brief. *Id*.

Courts have found that nondisclosure is warranted to protect sensitive information like the "confidential information of third parties." *Frank Surveying Co. v. Manhard Consulting, Ltd.*, No. 3:22-CV-2837-B, 2024 WL 3015535, at *3 (N.D. Tex. June 14, 2024); *see also MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) ("The interest supporting sealing, namely protecting the confidential information of third parties, outweighs the public's common law right of access for the identified information."). Additionally, a party's "bald assertion of competitive harm" is insufficient to warrant nondisclosure of information, but more specific allegations may support sealing or redaction. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

The Court finds the interests in support of nondisclosure of the aircraft parts fill rate percentage outweigh the public's common law right of access to that information. First, this information pertains to the confidential information of the Indian Navy, a non-party. *See MIECO*, 2022 WL 18034481, at *2. Second, disclosure of this information would violate the non-disclosure agreement between Defendant and the Indian Navy, which could injure Defendant's business relationship with the Indian Navy. *See Frank Surveying*, 2024 WL 3015535, at *2 (noting that a

party must "articulate a specific harm that would be caused by the disclosure of the documents" rather than making a bald assertion of competitive harm (quoting *Vantage Health Plan*, 913 F.3d at 451).

However, sealing pages 69 and 113 of the Appendix in their entirety is overbroad. Targeted redaction is more appropriate. Under Fifth Circuit law, redaction "is often practicable and appropriate as the least restrictive means of safeguarding sensitive information." *United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023); *see also United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-022-Z, 2023 WL 8116198, at *4 (N.D. Tex. Aug. 4, 2023) ("[A]ppropriate redaction rather than sealing is the preferred means of achieving privacy balanced with the public's right of access." (alteration in original) (citation omitted)). Most of the information on pages 69 and 113 of the Appendix is not confidential information that must be protected. For example, the PIP primarily pertains to Plaintiff's general weekly or monthly goals. This information has no relation to the aircraft parts fill rate for the Indian Navy, is not subject to the non-disclosure agreement, and includes information that is material to the issues presented in the Motion for Summary Judgment.

Accordingly, the Court concludes that Defendant should file public versions of the Summary Judgment Brief and Appendix with only the fill rate percentage on pages 69 and 113 of the Appendix redacted. Because the Court has ordered Defendant to file redacted versions for public access, the original Summary Judgment Brief and Appendix will remain under seal.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Seal or Redact Portions of Its Appendix [ECF No. 45] to the extent that the Court grants Defendant's alternative request to redact the relevant pages. The Court **DIRECTS** Defendant to file public

versions of Defendant's Motion for Summary Judgment and Brief in Support[1] [ECF No. 43] and Appendix of Exhibits to Brief in Support of Defendant's Motion for Summary Judgment [ECF No. 43-1] with appropriate redactions on pages 69 and 113 of the Appendix.

**SO ORDERED.**

SIGNED December 9, 2024.

*[signature: Karen Gren Scholer]*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that Defendant filed its underlying Motion for Summary Judgment and its Summary Judgment Brief as separate motions. When Defendant refiles the public version of the Summary Judgment Brief, it should not file that document as a motion.